# EXHIBIT A

Fulton County Superior Court
***EFILED***WW
Date: 10/26/2015 5:03:08 PM
Cathelene Robinson, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

|  | ) Case No.: | 2015CV267437 |
|---|---|---|
| Michael Miller, | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| Nuance Communications, Inc. | ) | |
| **Defendant** | ) | |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

Nancy B. Pridgen, Esq.
Patel Burkhalter Law Group
4045 Orchard Road, Building 400
Atlanta, Georgia 30080
Direct dial: 678-974-1721; Email: npridgen@patelburkhalter.com

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This   10/27/2015   day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 _____

_____
Deputy Sheriff

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

MICHAEL MILLER,

    Plaintiff,

v.

NUANCE COMMUNICATIONS, INC.,

    Defendant.

_____/

Case No. 2015CV267437

JURY DEMAND

## COMPLAINT

COMES NOW Plaintiff, Michael Miller, by and through his undersigned attorney, and for his Complaint against Defendant states as follows:

### THE PARTIES

1. Plaintiff Michael Miller is a resident of Alpharetta, Fulton County, Georgia. Plaintiff is a former employee of Nuance Communications, Inc. ("Nuance"), which acquired his former employer Control Systems Inc. Plaintiff's employment with Nuance ended on October 28, 2013.

2. Defendant Nuance Communications, Inc. is a foreign corporation with offices in Georgia and doing business in Fulton County, Georgia. Nuance can be served with process through its agent for service of process, CT Corporation System, 1209 Peachtree St NE, Fulton County, Atlanta, GA, 30361.

### JURISDICTION AND VENUE

3. The amount in controversy is in excess of $25,000.00, the breaches at issue occurred in this County, and this matter is otherwise within the jurisdiction and venue of this Court.

## COUNT I – BREACH OF WRITTEN CONTRACT

4. Pursuant to the "Outline of New Duties and Remuneration Package" signed by Graham Allen on or about November 6, 2012 (on the eve of the transition from Control Systems to Nuance), Plaintiff was to receive a 2% commission on "all topline sales made in the Southeast region" in addition to his salary and monthly expense allowances. (See Exhibit A, attached hereto, hereinafter "Written Agreement.")

5. Pursuant to the terms of said Written Agreement, Plaintiff was to market and sell, and assist others in the marketing and selling of, the products and services of Defendant.

6. Pursuant to the terms of said Written Agreement, Plaintiff was entitled to be paid a percentage commission upon sales of the Defendant's products/services "in the Southeast region;" further, Plaintiff was specifically instructed by his supervisor to include other sales outside of the Southeast region in his sales numbers.

7. Plaintiff duly performed his obligations under said Written Agreement and generated, and assisted others in the generation of, sales for the Defendant's products/sales.

8. Defendant breached the Written Agreement by failing and refusing to pay Plaintiff commissions on sales of Defendant's products/services including but not limited to the following:

| Client | Total Sale(s) | 2% commission |
|---|---|---|
| Burr & Forman | $2433.00 | $48.66 |
| Balch & Bingham | $3615.00 | $72.30 |

2

| | | |
|---|---|---|
| Rutherford Christie | $3640.00 | $72.80 |
| Hall Booth & Smith | $5858.00 | $117.16 |
| McAngus Goude. | $6450.00 | $129.00 |
| Baker Donelson | $6830.00 | $136.60 |
| Mitchell McNutt | $7940.00 | $158.80 |
| Eicholz Law Firm | $11,191.00 | $223.82 |
| Maynard Cooper | $30,655.00 | $613.10 |
| Nexsen Pruet | $149,642.97 | $2992.86 |
| Stites Harbison | $249,822.00 | $4996.44 |
| DLA Piper | $588,643.00 | $11,772.86 |
| Totals: | $1,066,719.97 | $21,334.40 |

9. These transactions reflect a sample of the sales, and there may be other sales for which Plaintiff is owed commissions based on the Written Agreement.

10. As a direct and proximate result of the Defendant's breach of said Written Agreement, the Plaintiff has sustained damages in excess of $21,334.40.

11. Despite repeated demands, Defendant has failed and refused to pay the Plaintiff.

## COUNT II – BREACH OF ORAL CONTRACT

12. In addition to the Written Agreement's 2% sales commission, Mr. Graham Allen also agreed Plaintiff would receive an additional $2500/$5000 per project in commission. This agreement was made orally over the telephone, and is enforceable as such. (Hereinafter, the "Oral Agreement.")

13. Pursuant to the terms of said Oral Agreement, Plaintiff was to market and sell, and assist others in the marketing and selling of, the products and services of Defendant.

14. Pursuant to the terms of said Oral Agreement, Plaintiff was entitled to be paid a per project commission upon sales of the Defendant's

3

products/services "in the Southeast region;" further, Plaintiff was specifically instructed by his supervisor to include other sales outside of the Southeast region in his sales numbers.

15. Plaintiff duly performed his obligations under said Oral Agreement and generated, and assisted others in the generation of, sales for the Defendant's products/sales.

16. Defendant breached the Oral Agreement by failing and refusing to pay Plaintiff commissions on sales of Defendant's products/services including but not limited to the following:

| Client | Total Sale(s) | $2500/$5000 per project |
|---|---|---|
| Burr & Forman | $2433.00 | $2500 * 2 |
| Balch & Bingham | $3615.00 | $2500 |
| Rutherford Christie | $3640.00 | $2500 |
| Hall Booth & Smith | $5858.00 | $2500 |
| McAngus Goude. | $6450.00 | $5000 |
| Baker Donelson | $6830.00 | $2500 * 2 |
| Mitchell McNutt | $7940.00 | $2500 |
| Eicholz Law Firm | $11,191.00 | $2500 |
| Maynard Cooper | $30,655.00 | $2500, $5000 |
| Nexsen Pruet | $149,642.97 | $5000 |
| Stites Harbison | $249,822.00 | $5000 |
| DLA Piper | $588,643.00 | $5000 |
| Totals: | $1,066,719.97 | $50,000.00 |

17. These transactions reflect a sample of the sales, and there may be other sales for which Plaintiff is owed commissions based on the Oral Agreement.

18. As a direct and proximate result of the Defendant's breach of said Oral Agreement, the Plaintiff has sustained damages in excess of $50,000.00.

19.     Despite repeated demands, Defendant has failed and refused to pay the Plaintiff.

## COUNT III – QUANTUM MERUIT

20.     This count is alleged in the alternative.

21.     Plaintiff sold, and/or assisted others in the sale of, products and services of the Defendant based upon the Defendant's promise to pay the Plaintiff commissions for same.

22.     Defendant received the benefit of said sales including the revenues and profits therefrom.

23.     Defendant has failed to pay the Plaintiff's commissions on the following sales:

| Client | Total Sale(s) | 2% commission | $2500/$5000 per project | Total due to Mike Miller |
|---|---|---|---|---|
| Burr & Forman | $2433.00 | $48.66 | $2500 * 2 | $5048.66 |
| Balch & Bingham | $3615.00 | $72.30 | $2500 | $2572.30 |
| Rutherford Christie | $3640.00 | $72.80 | $2500 | $2572.80 |
| Hall Booth & Smith | $5858.00 | $117.16 | $2500 | $2617.16 |
| McAngus Goude. | $6450.00 | $129.00 | $5000 | $5129.00 |
| Baker Donelson | $6830.00 | $136.60 | $2500 * 2 | $5136.60 |
| Mitchell McNutt | $7940.00 | $158.80 | $2500 | $2658.80 |
| Eicholz Law Firm | $11,191.00 | $223.82 | $2500 | $2723.82 |
| Maynard Cooper | $30,655.00 | $613.10 | $2500, $5000 | $8113.10 |
| Nexsen Pruet | $149,642.97 | $2992.86 | $5000 | $7992.86 |
| Stites Harbison | $249,822.00 | $4996.44 | $5000 | $9996.44 |
| DLA Piper | $588,643.00 | $11,772.86 | $5000 | $16,772.86 |
| Totals: | $1,066,719.97 | $21,334.40 | $50,000.00 | $71,334.40 |

16.     These transactions reflect a sample of the sales, and there may be other sales for which Plaintiff is owed commissions.

17.     As a result of the Defendant's failure and refusal to pay said commissions, the Defendant has been unjustly enriched.

5

18. As a direct and proximate result of the Defendant's failure or refusal to pay said commissions, the Plaintiff has sustained damages in excess of $71,334.40.

19. Equity and justice require the Defendant to pay the Plaintiff said commissions.

20. Plaintiff is or may be without a remedy absent this Honorable Court's intervention.

## COUNT IV – PROMISSORY ESTOPPEL

21. This count is alleged in the alternative.

22. Representatives from Defendant promised to pay Plaintiff commissions for certain sales attributable to Plaintiff's efforts, even though Defendant later refused to pay Plaintiff said commissions after said sales were made.

23. Plaintiff justifiably and detrimentally relied on these promises and agreed to, and did, complete his sales work for Defendant by selling, and/or assisted others in the selling of, the Defendant's products and services.

24. Injustice can only be avoided by enforcing Defendant's promise and compensating Plaintiff for the sales work completed.

## COUNT V – NEGLIGENT MISREPRESENTATIONS

25. This count is alleged in the alternative.

26. Defendant made certain material representations to the Plaintiff regarding the sale of Defendant's products/services, including but not limited to that the Plaintiff would receive compensation in the form of percentage and per

project commissions based upon certain sales of the Defendant's products and services.

23. At the time the Defendant made said representations, the Defendant intended that the Plaintiff rely upon same.

24. Defendant made said representations negligently or carelessly.

25. Plaintiff relied upon said representations and sold, and/or assisted others in the selling of, the Defendant's products and services.

26. As a direct and proximate result of the negligent misrepresentations, Plaintiff has sustained damages in excess of $71,334.40.

27. Despite repeated demands, the Defendant has failed and refused to pay the Plaintiff said damages.

## COUNT VI – FRAUDULENT MISREPRESENTATIONS

28. This count is alleged in the alternative.

29. Defendant made certain material representations to the Plaintiff regarding the sale of Defendant's products/services, including but not limited to that the Plaintiff would receive compensation in the form of percentage and per project commissions based upon certain sales of the Defendant's products and services.

30. At the time the Defendant made said representations, the Defendant intended that the Plaintiff rely upon same.

31. At the time the Defendant made said representations, the Defendant knew or should have known same were false or the Defendant made same with a reckless disregard as to the truth or falsity thereof.

7

32. Plaintiff relied upon said representations and sold, and/or assisted others in the selling of, the Defendant's products and services.

33. As a direct and proximate result of the fraudulent misrepresentations, Plaintiff has sustained damages in excess of $71,334.40.

34. Despite repeated demands, the Defendant has failed and refused to pay the Plaintiff said damages.

### COUNT VII – EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

35. Defendant has acted in bad faith, been stubbornly litigious, and put Plaintiff to the unnecessary trouble and expense of having to engage counsel and to resort to litigation to enforce his legal rights against Defendant in that:

   (a) Defendant has refused to pay the commissions agreed between Plaintiff and Defendant.

   (b) Defendant's justification for its refusal to pay the commissions is unreasonable and can only be viewed as an unsupportable attempt to avoid, in bad faith, its obligations to Plaintiff.

   (c) Defendant received the benefit of its bargain under the agreements with Plaintiff while profiting from those sales and now tries, in bad faith, to renege on its obligation to pay the full commissions owed thereon.

   (d) In maintaining its unsupportable position throughout its dealings with Plaintiff, brushing off cursorily and consistently his several reasonable efforts to have Defendant comply with its obligation under the agreements, Defendant has attempted to avoid, in bad

faith and without legal justification, paying its obligations.

36. Defendant's conduct justifies an award of Plaintiff's expenses of litigation, including attorney's fees, against Defendant under O.C.G.A § 13-6-11.

### DEMAND FOR JURY TRIAL

37. Plaintiff respectfully demands a trial by jury as to all claims triable by jury.

WHEREFORE, Plaintiff prays that all claims triable by jury be tried by a jury, and for a Judgment against the Defendant in the amount of $71.344.40 or such greater amount as the evidence justifies, together with interest, expenses/costs and attorney's fees, and any other relief the Court may find appropriate.

Respectfully submitted this 26th day of October, 2015.

PATEL BURKHALTER LAW GROUP

/s/ Nancy B. Pridgen
By: Nancy B. Pridgen (GA#587949)
*Attorney for Plaintiff*

4045 Orchard Road, Building 400
Atlanta, Georgia 30080
Direct: 678-974-1721 or 404-551-5884
Fax: 678-812-3654
Email: npridgen@patelburkhalter.com

# EXHIBIT A

## Outline of New Duties and Remuneration Package

Mike Milier

November 6, 2012

---

Effective Date: December 1, 2012

Term: 12 months ending November 31st 2013. Term can be terminated by either party at any time and is automatically renewable on the anniversary date assuming parties have not notified otherwise.

Duties: A general and broad stroke outline of your new duties will be as follows;

- A. Provide sales support to Denny in any form that is helpful. Examples might include user training, customer follow up, trade show assistance, coordination of orders and timelines, etc.
- B. Provide technical support to the Atlanta team. Examples might include installation of hardware onsite, collection of D&I forms, assistance in scheduling and coordinating installations

Report: Although much of your daily guidance will come from working closely with the Atlanta team, specifically Denny and Brandon, ultimately you will report to Morgan McLinden who is accountable for the overall sales success and customer satisfaction levels in the Southeast.

Remuneration: Beginning December 1st, 2012 your salary will be increased to $50,000 per annum. Additionally, you will be paid a 2% override on all topline sales made in the Southeast region to be reconciled and made payable to you on a quarterly basis after payment has been received from the customer and to be produced in cooperation with Ian McLeod. This would be in addition to your normal monthly car allowance, cell allowance, healthcare and expenses.

Mike, we are excited about the possibilities that exist with this new hybrid role and look forward with great anticipation to the success we hope to see as result. As I have stated on numerous occasions Mike, ultimately the success that this new role will have for you, our customers, those on the Atlanta team and the company will rest with you and your attitude on how to best embrace your new duties.

I wish you the best of luck Mike.

Fulton County Superior Court
***EFILED***WW
Date: 10/26/2015 5:03:08 PM
Cathelene Robinson, Clerk

# General Civil Case Filing Information Form (Non-Domestic)

**Court**     **County** Fulton     **Date Filed** 10/26/2015
☑ Superior
☐ State     **Docket #** 2015CV267437     MM-DD-YYYY

**Plaintiff(s)**
Miller, Michael
Last   First   Middle I. Suffix Prefix   Maiden

**Defendant(s)**
Nuance Communications, Inc.
Last   First   Middle I. Suffix Prefix   Maiden

**No. of Plaintiffs** 1     **No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**     ☐ Pro Se

Pridgen, Nancy B.
Last   First   Middle I.   Suffix

**Bar #** 587949

**Check Primary Type (Check only ONE)**
☑ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☐ Other General Civil Specify _____

**If Tort is Case Type:**
(Check no more than TWO)
☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No